**United States District Court**
For the Northern District of California

1
2
3                    IN THE UNITED STATES DISTRICT COURT
4                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
5   DERRICK ANDRE MITCHELL,              )   No. C 10-00598 SBA (PR)
                                         )
6                                        )   **ORDER DENYING RESPONDENT'S**
                                         )   **MOTION TO DISMISS; STAYING HABEAS**
7              Petitioner,               )   **PROCEEDINGS; DIRECTING PETITIONER**
                                         )   **TO FILE QUARTERLY STATUS REPORTS;**
8   v.                                   )   **DIRECTING CLERK TO CLOSE THIS CASE**
                                         )   **ADMINISTRATIVELY UNTIL THE COURT**
9   TIM VIRGA, Acting Warden,            )   **ISSUES ORDER LIFTING STAY; DENYING**
                                         )   **PETITIONER'S MOTION TO STRIKE LATE**
10                                       )   **REPLY; AND TERMINATING HIS**
                                         )   **REMAINING MOTIONS AS MOOT**
11             Respondent.               )
                                         )
12  _____     )   (Docket no. 13, 14, 16, 17, 19, 20, 21, 24)
13
14        Petitioner Derrick Andre Mitchell, a state prisoner, filed the instant pro se petition for a writ
15  of habeas corpus pursuant to 28 U.S.C. § 2254.
16        Before the Court is Respondent's motion to dismiss the instant petition as untimely under 28
17  U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty
18  Act of 1996 (AEDPA).  In the alternative, Respondent also moves to dismiss the petition on the
19  ground that Petitioner has filed a mixed petition containing both exhausted and unexhausted claims.
20  Petitioner filed an opposition to the motion, Respondent filed a late reply, and Petitioner filed a
21  motion to strike Respondent's late reply.[1]
22        Also before the Court are Petitioner's motion to stay his federal petition while he exhausts his
23  remedies in state court,[2] as well as several other motions filed by him.
24
25        [1] Respondent claims the reply was filed late because the "originally assigned Deputy
26  Attorney General is a member of the United States military who was recently called onto active duty
    . . . [and] [i]n his absence [the Attorney General's Office was] unaware that Petitioner had filed an
27  opposition."  (Reply at 1, note 1.)  This case was "reassigned . . . once the clerk called it to [the
    Attorney General's Office's] attention," and the instant reply was filed.  Accordingly, the Court takes
28  into consideration Respondent's late reply and DENIES Petitioner's motion to strike the late reply.

        [2] Petitioner's request for a stay was filed as part of his petition.  (Pet. at 6.)

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Having considered all of the papers filed by the parties, Petitioner's request for a stay is GRANTED.  These proceedings are hereby STAYED pending Petitioner's exhaustion of his state judicial remedies.  The Court DENIES Respondent's motion to dismiss the petition as untimely; DENIES Respondent's motion to dismiss the petition as a mixed petition without prejudice to refiling if Petitioner fails diligently to pursue exhaustion in state court of his unexhausted claims; and terminates Petitioner's remaining motions as moot.

**BACKGROUND**

A jury trial was held on both Petitioner's substantive charges and prior conviction allegations, which are enumerated below.  Petitioner represented himself at trial.  On March 7, 2002, an Alameda County jury found Petitioner guilty of one count of robbery, one count of transportation of a controlled substance, and being a felon in possession of a firearm.  The jury also found that Petitioner had suffered two prior felony convictions, two prior prison term, and a prior drug conviction, which had been alleged as sentencing enhancements.  Also on March 7, 2002, the Alameda County Superior Court imposed three consecutive fifteen-years-to-life sentences, and an additional fifteen years for the enhancements, for a total of ninety years in state prison.  Petitioner appealed his conviction.

On January 20, 2004, the California Court of Appeal affirmed the judgment.  Petitioner did not file a petition for review in the California Supreme Court.

On March 28, 2008, Petitioner filed a state habeas petition in the California Supreme Court. The state supreme court denied the petition on September 10, 2008.

On January 18, 2010,[3] Petitioner filed the instant federal habeas petition.  The federal court file stamped the petition on February 10, 2010.

_____

[3] A pro se federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing.  See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than the date it is received by the courts).  January 18, 2010 is the date Petitioner's federal habeas petition was signed and the earliest date that the petition could have been delivered to prison authorities for mailing; therefore, it will be deemed filed on that date.  The Court assumes for the purposes of this discussion that the petition was delivered to prison authorities on that date.

2

**DISCUSSION**

**I.     Motion to Dismiss Petition as Untimely**

The AEDPA, which became law on April 24, 1996, imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d)(1).

The one-year period may start running from "the expiration of the time for seeking [direct] review."  28 U.S.C. § 2244(d)(1)(A).  If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitation period will begin running against him the day after the date on which the time to seek such review expired.  See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002) (limitation period began running day after time to seek discretionary review of California Court of Appeal's decision in the Supreme Court of California expired, which was forty days after the Court of Appeal filed its opinion) (citing Cal. Rules of Court 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a); Wixom v. Washington, 264 F.3d 894, 897-98 (9th Cir. 2001) (limitation period began running after time to seek discretionary review of Washington Court of Appeals' decision in the Washington Supreme Court expired).

Petitioner did not file a petition for review in the California Supreme Court, after his appeal was denied in the California Court of Appeal.  Therefore, the one year limitations period began to run in this case on March 1, 2004, forty days after the state appellate court's January 20, 2004 decision.[4]  Therefore, the instant petition filed on January 18, 2010 -- almost six years after the

---

    [4]  Respondent incorrectly states that the limitations period stared to run on March 22, 2004, which is sixty days after the state appellate court affirmed the judgment.  However, as mentioned

3

**United States District Court**
For the Northern District of California

1   limitations period had expired -- is untimely absent tolling.

2       **A.      Statutory Tolling**

3       The petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C.

4   § 2244(d)(2) for a substantial period of time.  AEDPA's one-year limitations period is tolled under

5   § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or

6   other collateral review [with respect to the pertinent judgment or claim] is pending.'"  Dictado v.

7   Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)), abrogated on other

8   grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).  In Carey v. Saffold, 536 U.S. 214, 223

9   (2002), the Supreme Court held that the limitations period is also tolled during the time between a

10  lower state court's decision and the filing of a notice of appeal to a higher state court.  In California,

11  where prisoners generally use the State's "'original writ' system," this means that the limitations

12  period remains tolled during the intervals between a state court's disposition of an original state

13  habeas petition and the filing of a further original state habeas petition in a higher court, provided

14  the prisoner did not delay unreasonably in seeking review in the higher court.  See id. at 220-25.[5]

15

16

17      Petitioner filed his state habeas petition in the California Supreme Court on March 28, 2008.

18  However, he is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because the limitations

19  period had already run, almost six years earlier, on March 1, 2004.  A state habeas petition filed after

20  AEDPA's statute of limitations ended cannot toll the limitations period.  See Ferguson v. Palmateer,

21  321 F.3d 820, 823 (9th Cir. 2003) (Section 2244(d) does not permit the reinitiation of the limitations

22

23  above, the limitations period begins running the day after time to seek discretionary review of state
24  appellate court's decision in the state supreme court expired, which is forty days after the state
    appellate court filed its opinion.  See Smith, 297 F.3d at 812-13.
25

26      [5]  In California, the supreme court, intermediate courts of appeal, and superior courts all have
    original habeas corpus jurisdiction.  Nino v. Galaza, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999).
27  Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may
    file a new habeas corpus petition in the appellate court.  Id.  If the appellate court denies relief, the
28  petitioner may seek review in the California Supreme Court by way of a petition for review, or may
    instead file an original habeas petition in the supreme court.  Id. at 1006 n.3.

United States District Court
For the Northern District of California

1   period that has ended before the state petition was filed, even if the state petition was timely filed).

2   Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to

3   zero); it can only serve to pause a clock that has not yet fully run. See Rashid v. Kuhlmann, 991 F.

4   Supp. 254, 259 (S.D.N.Y. 1998) (once the limitations period has expired, collateral petitions can no

5   longer serve to avoid the statute of limitations). Accordingly, statutory tolling is not sufficient to

6   overcome the time bar to Petitioner's federal habeas petition.

7           Because Petitioner did not meet the one-year requirement for filing the instant federal habeas

8   petition, and he is not entitled to statutory tolling, his petition is barred as untimely under 28 U.S.C.

9   § 2244(d)(1), unless he can show that he is entitled either to equitable tolling.

10          **B.      Equitable Tolling**

11          The one-year limitations period can be equitably tolled because § 2244(d) is a statute of

12   limitations and not a jurisdictional bar. Beeler, 128 F.3d at 1288. "When external forces, rather than

13   a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the

14   statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

15   Equitable tolling will not be available in most cases because extensions of time should be granted

16   only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition

17   on time." Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted). The prisoner

18   must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v.

19   Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). The petitioner bears the burden of

20   showing that this "extraordinary exclusion" should apply to him. Miranda v. Castro, 292 F.3d 1063,

21   1065 (9th Cir. 2002).

22          Petitioner argues that he is entitled to equitable tolling, due to the fact that he has been found

23   to be mentally incompetent in the past. (Pet. at 6(b).[6]) He also claims that "his medication for

24   psychiatric illnesses have deprived, and did deprive [him] of any kind of consciousness." (Opp'n at

25   3.) In support of his request for equitable tolling, Petitioner has attached to his petition

26

27   _____

28          [6] Petitioner attaches two handwritten pages to page six of his petition; therefore, the Court
     has renumbered these pages as 6(a) and 6(b).

5

**United States District Court**
For the Northern District of California

unauthenticated documents, including: (1) a medical record by a prison staff psychiatrist showing Petitioner was diagnosed with "adjustment disorder" on January 21, 1992; (2) a 2005 letter from his former trial counsel indicating that Petitioner was "suffering from some mental illness" before he "fired" his trial counsel and "unsuccessfully represented himself in a jury trial"; (3) prison documentation referring to an incident on August 17, 2006, during which Petitioner became excessively violent toward prison officers and thus involuntary medication was initiated; (4) a 2008 petition for an order renewing authorization for administration of involuntary medication indicating that Petitioner may have suffered from "Chronic Paranoid Schizophrenia and polysubstance dependence" from 2006 through 2008; and (5) Petitioner's state habeas petitions and various related briefs in which he claims in part that he "suffered a severe mental illness at the time of his Alameda Count, California Superior Court trial." (Attach. to Pet.)  However, neither Petitioner nor Respondent has provided authenticated medical records showing specific details about Petitioner's mental state during the relevant time period, March 1, 2004, when the filing period began and January 18, 2010, when he filed the instant petition.

Under Ninth Circuit law, a petitioner must satisfy a two-part test to be eligible for equitable tolling for mental impairment.  Bills v. Clark, 628 F.32 1092, 1099 (9th Cir. 2010).  First, a petitioner

> must show his mental impairment was an "extraordinary circumstance" beyond his control, by demonstrating the impairment was so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.  Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

Id. (citations and emphasis omitted).  If "petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period," an evidentiary hearing is appropriate to determine whether equitable tolling applies.  Id. at 1100.  However, an evidentiary hearing is not necessary "[w]here the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, . . .

United States District Court
For the Northern District of California

notwithstanding a petitioner's allegations of mental incompetence." <u>Roberts v. Marshall</u>, 627 F.3d 768, 773 (9th Cir. 2010) (citation omitted).

Based on the record before it, the Court cannot say with sufficient certainty that Petitioner did not suffer from a mental impairment that caused the untimely filing. <u>Cf. id.</u> (holding district court did not abuse its discretion by denying petitioner evidentiary hearing, and finding that he was not entitled to equitable tolling for mental impairments during period in which he was able to file state habeas petitions raising the same arguments he presented in his federal habeas petition). Under the circumstances, Respondent's motion to dismiss the petition as untimely (docket no. 14) is DENIED without prejudice to renewing this motion on the ground that Petitioner did not suffer from a mental impairment that caused the untimely filing, and supporting such a motion with relevant authenticated medical records. Furthermore, no evidentiary hearing is necessary at this time because the Court finds that a stay of the proceedings is necessary, as explained below.

## II.      Motion to Dismiss Petition as Mixed Petition

In the alternative, Respondent claims that dismissal is still warranted because Petitioner has filed a mixed petition containing exhausted and unexhausted claims. Petitioner concedes that he has failed to exhaust some of his claims. Therefore, Respondent argues that the action must be dismissed as a mixed petition under <u>Rose v. Lundy</u>, 455 U.S. 509, 510 (1982).

In his request for a stay, Petitioner seeks leave to return to state court to exhaust his unexhausted claims.

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. <u>See</u> 28 U.S.C. § 2254(b),(c); <u>Rose</u>, 455 U.S. at 515-16. If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. <u>Id.</u> at 510; <u>Guizar v. Estelle</u>, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. <u>See Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 586 (9th Cir. 1995).

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

District courts have the authority to issue stays and AEDPA does not deprive them of that authority.  Rhines v. Webber, 544 U.S. 269, 277-78 (2005).  The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court.  Id.  Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious.  Id.  Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back."  Id. at 278.  Prisoners who may run the risk of having the federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."  Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 277-78).

Here, it appears that good cause exists for Petitioner's failure to exhaust his claims on direct appeal because his claims could be raised by way of state habeas corpus.  Moreover, these claims state cognizable bases for federal habeas relief.  This is Petitioner's first habeas petition, and there is no evidence that he seeks the stay for improper purposes.  See Fetterly v. Paskett, 997 F.2d 1295, 1301-02 (9th Cir. 1993) (holding that a stay for the purpose of permitting exhaustion of unexhausted claims should be granted only if the claims petitioner seeks to pursue are cognizable under § 2254; there is a likelihood of prejudice to petitioner if the stay is not granted; and there is no evidence that the motion for a stay is brought to delay, vex, or harass, or that the request is an abuse of the writ).  Accordingly, the Court GRANTS Petitioner's request for a stay.  Respondent's motion to dismiss the petition as a mixed petition (docket no. 14) is DENIED without prejudice to refiling if Petitioner fails diligently to pursue exhaustion in state court of his unexhausted claims.

**CONCLUSION**

For the reasons stated above, the Court hereby orders as follows:

8

**United States District Court**
For the Northern District of California

1.      Petitioner's motion to strike the late reply (docket no. 24) is DENIED.

2.      Respondent's motion to dismiss the petition as untimely (docket no. 14) is DENIED.

3.      Petitioner's request for a stay is GRANTED.  These proceedings are hereby STAYED pending Petitioner's exhaustion of his state judicial remedies.  Petitioner must act diligently in exhausting his state judicial remedies, or the stay may be lifted.  He must file quarterly reports describing the progress of his state court proceedings, commencing **thirty (30) days** from the date of this Order and continuing every **ninety (90) days** thereafter until his state court proceedings are terminated.  He must also attach to his status reports copies of the cover page of any document that he files with or receives from the California Supreme Court relating to the claims.

4.      Respondent's motion to dismiss the petition as a mixed petition (docket no. 14) is DENIED without prejudice to refiling if Petitioner fails diligently to pursue exhaustion in state court of his unexhausted claims.

5.      The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file pending the stay of this action.  Nothing further will take place in this action until Petitioner receives a final decision from the California Supreme Court and, within **thirty (30) days** of doing so, moves to reopen the action, lift the Court's stay and amend the stayed petition to add the newly-exhausted claims.

6.      Because this case is being administratively closed, Petitioner's remaining pending motions -- including his "Permission to Take Leave to File Appeal in the Ninth Circuit on Petitioner's Application for Bail"; "Motion for Appointment of Counsel"; "Application for Bail Pending Determination Petition for Writ of Habeas Corpus"; "Notice of Motion for Appointment of Expert"; and two motions entitled, "Notice of Motion for a Default Judgment [sic]," (docket nos. 13, 16, 17, 19, 20, 21) -- are terminated as moot.

7.      This Order terminates Docket no. 13, 14, 16, 17, 19, 20, 21 and 24.

IT IS SO ORDERED.

DATED: September 28, 2011



SAUNDRA BROWN ARMSTRONG

**United States District Court**
For the Northern District of California

1

United States District Judge

2

3

4

5  UNITED STATES DISTRICT COURT
   FOR THE
6  NORTHERN DISTRICT OF CALIFORNIA

7

8  DERRICK ANDRE MITCHELL,

Case Number: CV10-00598 SBA

9          Plaintiff,

**CERTIFICATE OF SERVICE**

10   v.

11 PEOPLE OF THE STATE OF CALIFORNIA et
   al,
12

13          Defendant.
                                                    /
14

15

16 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court,
   Northern District of California.

17
   That on September 30, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said
18 copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
   envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located
19 in the Clerk's office.

20

21

22 Derrick A. Mitchell H-20446
   California State Prison - Sacramento
23 P.O. Box 290066
   Represa,  CA 95671
24

25

26 Dated: September 30, 2011

Richard W. Wieking, Clerk
27                                          By: LISA R CLARK, Deputy Clerk

28