IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK ANDRE MITCHELL,<br><br>    Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent.<br>_____/ | No. C 10-00598 SBA (PR)<br><br>**ORDER GRANTING PETITIONER'S MOTION TO CONTINUE STAY; DENYING MOTIONS TO FILE AMENDED PETITION, TO LIFT STAY, REOPEN THE CASE AND FOR AN EVIDENTIARY HEARING; AND GRANTING IN PART AND DENYING IN PART REQUEST FOR DOCUMENTS**<br><br>Docket Nos. 39, 40, 43, 44 |

On February 10, 2010, Petitioner Derrick Andre Mitchell, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 30, 2011, the Court issued an Order granting Petitioner's request to stay the proceedings so that he could return to state court to exhaust his administrative remedies. (Dkt. 27). The Court administratively closed the action.

On August 15, 2012, Petitioner filed a letter informing the Court that his state proceedings had concluded. (Dkt. 35). Thereafter, on August 22, 2012, Plaintiff filed a motion to amend his petition, to lift the stay and to reopen his case (Dkt. 40) and a motion for an evidentiary hearing (Dkt. 39). On October 25, 2012, however, Petitioner filed a motion to continue the stay of his petition or to strike claim seven. (Dkt. 43).

On November 7, Plaintiff filed letter request for documents. (Dkt. 44).

The Court discusses the aforementioned motions below.

## DISCUSSION

### I. Motion to Continue Stay of Proceedings

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b),(c); Rose, 455 U.S. at 515-16. If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Although district courts have the authority to issue stays, its discretion to stay a mixed petition is circumscribed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, which has the stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. Rhines v. Webber, 544 U.S. 269, 277-78 (2005). Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id. Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back." Id. at 278. Prisoners who may run the risk of having the federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 277-78).

In its September 30, 2011 Order, the Court granted Petitioner's motion for a stay, finding good cause for Petitioner's failure to exhaust his habeas claims on direct appeal. See

1 September 30, 3012 Order at 8.  In his October 25, 2012 motion to continue the stay,
2 Petitioner explains that, through an oversight, he did not exhaust his state remedies with
3 respect to his seventh claim and that, as soon as he became aware of this error, he filed this
4 motion to continue the stay.  Petitioner indicates that claim seven cannot be stricken without
5 damaging the effectiveness of the entire petition.  Alternatively, Petitioner states that the
6 Court may strike claim seven, provided that doing so does not affect the outcome of his
7 petition.

8 Due to the procedural status of the action, neither Respondent nor the Court has yet
9 had the opportunity to address the merits of the petition.  As such, the Court is not in a
10 position to assess what effect, if any, the omission of claim seven would have on the
11 remaining claims.  Nonetheless, the Court finds that Petitioner's explanation that he did not
12 exhaust claim seven due to a clerical error presents sufficient good cause to continue the stay
13 of his case.   Therefore, the Court GRANTS Petitioner's motion to continue the stay of his
14 petition in order to allow Plaintiff to exhaust claim seven.  In view of this decision, the Court
15 DENIES Petitioner's motion to file an amended petition and reopen the action and motion for
16 an evidentiary hearing, without prejudice to renewal once Petitioner has exhausted all of his
17 claims.

18 **II.    Request for Documents**

19 On November 7, 2012, Plaintiff filed a letter with the Court in which he requests that
20 the Clerk send him copies of his motions to lift the stay, to amend the complaint, to appoint
21 counsel and for an evidentiary hearing. Dkt. 44.  The Court GRANTS this request and orders
22 the Clerk to send petitioner a copy of these documents (Dkt. 10, 16, 39, 40 (not including
23 exhibits)), with this order.  The exhibits accompanying Petitioner's motion to amend are
24 voluminous (i.e., 231 pages).  The cost for such copies is $0.50 per page.  If Petitioner
25 desires copies of the exhibits, he will have to tender payment to the Court.

26 Petitioner also requests "all the evidence, discovery, mental health, medical records
27 and documents" he sent to this Court.  Id.  Such request is too vague for the Court to
28 specifically identify the documents in the record to which he is referring.  Therefore, this

3

1 aspect of Petitioner's request for documents is DENIED without prejudice. Petitioner may
2 renew his request, provided that he specifically identifies the documents he is requesting.

### CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED THAT:

1. Petitioner's motion to continue the stay of these proceedings is GRANTED. (Dkt. 43). These proceedings are hereby STAYED pending Petitioner's exhaustion of his state judicial remedies for claim seven. Petitioner must act diligently in exhausting claim sevens, or the stay may be lifted. He must file quarterly status reports describing the progress of his state court proceedings, commencing **thirty (30) days** from the date of this Order and continuing every **ninety (90) days** thereafter until his state court proceedings are terminated. He must also attach to his status reports copies of the cover page of any document that he files with or receives from the California Supreme Court relating to claim seven.

2. Petitioner's motion for leave to file an amended pleading, to lift the stay and to reopen his case (Dkt. 40) and his motion for an evidentiary hearing (Dkt. 39) are DENIED WITHOUT PREJUDICE to renewing said motions after Petitioner exhausts all of his claims.

3. Petitioner's request for documents is GRANTED IN PART and DENIED IN PART. The Clerk shall send Petitioner copies of the following documents: Dkt. 10, 16, 39, 40 (not including exhibits). Petitioner's remaining request is DENIED WITHOUT PREJUDICE, as set forth above.

4. This Order terminates Docket 39, 40 and 43.

IT IS SO ORDERED.

DATED: 2/5/13

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DERRICK ANDRE MITCHELL,

        Plaintiff,

  v.

PEOPLE OF THE STATE OF CALIFORNIA et al,

        Defendant.

Case Number: CV10-00598 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 5, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Derrick A. Mitchell H-20446
California State Prison - Sacramento
P.O. Box 290066
Represa, CA 95671

Dated: February 5, 2013

        Richard W. Wieking, Clerk
        By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\HC.10\Mitchell0598-grant cont stay5.wpd