IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK ANDRE MITCHELL,<br><br>    Petitioner,<br><br> v.<br><br>TIM VIRGA, Warden,<br><br>    Respondent. | No. C 10-00598 SBA (PR)<br><br>**ORDER LIFTING STAY; DIRECTING RESPONDENT TO SHOW CAUSE WHY THE WRIT SHOULD NOT BE GRANTED; AND DENYING PETITIONER'S MOTIONS FOR AN EVIDENTIARY HEARING AND FOR APPOINTMENT OF COUNSEL** |

**I.     LIFTING STAY AND DIRECTING RESPONDENT TO SHOW CAUSE**

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court subsequently stayed the action in order to allow Petitioner to return to state court to exhaust his state judicial remedies. On September 30, 2013, Petitioner informed the Court that his state proceedings had concluded. Thus, the Court directed Petitioner to file an amended petition in this Court which incorporates all the newly-exhausted claims he intends to raise in federal court.

On January 9, 2014, he filed a first amended habeas petition containing his exhausted claims. Now before the Court are Petitioner's motion to lift the stay and his motion for leave to file his first amended petition. (Dkt. 49.) Good cause appearing, Petitioner's motion to lift the stay is GRANTED. Petitioner is also GRANTED leave to file his first amended petition. The Clerk of the Court is directed to mark Petitioner's amended petition as filed on January 9, 2014, the date it was received. The Clerk shall REOPEN this case. Respondent is directed to show case why the writ should not be granted, as directed below.

**II.     ADDRESSING PETITIONER'S REMAINING PENDING MOTIONS**

Also before the Court are Petitioner's motions for the appointment of counsel and an evidentiary hearing. (Dkt. 50, 51.) These requests are denied. The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728

(9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation.

The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965). None of the circumstances in which the appointment of counsel is present in this case.

There also is no indication that an evidentiary hearing is required under 28 U.S.C. § 2254(e). Petitioner's claims do not rely upon extra-record evidence and a factual basis exists in the record to determine the claims. If, during its review of the merits of the petition the Court determines that further fact finding is required, the Court will decide whether to hold an evidentiary hearing or whether the facts can be gathered by way of mechanisms short of an evidentiary hearing, such as supplementation of the record with sworn declarations from the pertinent witnesses. See Downs v. Hoyt, 232 F.3d 1031, 1041 (9th Cir. 2000).

Accordingly, Petitioner's motions for the appointment of counsel and an evidentiary hearing are DENIED.

## **CONCLUSION**

For the reasons outlined above, the Court orders as follows:

2

1.    Petitioner's motions to lift the stay and for leave to file his amended petition (Dkt. 49) are GRANTED. The Clerk shall mark Petitioner's amended petition as filed on January 9, 2014.

2.    The Clerk shall REOPEN this case and serve a copy of this Order and **the amended petition and all attachments thereto (Dkt. 55)** upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner at his most current address.

3.    Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

4.    If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **twenty-eight (28) days** of his receipt of the answer. Otherwise, the petition will be deemed submitted and ready for decision twenty-eight days after the date Petitioner is served with Respondent's answer. Petitioner is reminded that all communications with the Court, whether by way of formal legal motions or informal letters, must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

5.    Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

6.    Petitioner's motions for the appointment of counsel and an evidentiary hearing (Dkts. 50, 51) are DENIED.

7.    This Order terminates Docket nos. 49, 50 and 51.

IT IS SO ORDERED.

DATED: 1/29/2014

SAUNDRA BROWN ARMSTRONG
United States District Judge